**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 23 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAISY SOSA-SALGUERO, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 12-73239 <br><br> Agency No. A089-479-081 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2014[**]

Before:    CLIFTON, BEA, and WATFORD, Circuit Judges.

Daisy Sosa-Salguero, a native and citizen of Guatemala, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies within and among Sosa-Salguero's affidavit, testimony, and documentary evidence regarding the dates of two beatings and the order in which they occurred. *See id.* at 1048 (adverse credibility finding reasonable under totality of circumstances). The agency was not compelled to accept Sosa-Salguero's explanations for the inconsistent dates. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). Contrary to Sosa-Salguero's contention, the BIA did not fail to consider the totality of the evidence. We also reject her contention that the BIA improperly relied on minor or incidental inconsistencies. *See Shrestha*, 590 F.3d at 1046-47 ("[a]lthough inconsistencies no longer need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight"). In the absence of credible testimony, Sosa-Salguero's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Further, Sosa-Salguero's CAT claim fails because it is based on the same statements the agency found not credible, and she does not point to any other evidence in the record that would compel the finding that it is more likely than not she would be tortured if returned to Guatemala. *See id.* at 1156-57.

Finally, we reject Sosa-Salguero's contentions that the BIA erred in its analysis of her withholding of removal and CAT claims.

**PETITION FOR REVIEW DENIED.**